UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VIRGIL CLAYBORN SHELTON, JR                                          PLAINTIFF
ADC #103360

V.                        No. 4:22-CV-1131-JM-JTR

WASHINGTON, Classification
Officer, Varner Unit, *et al.*                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr.. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On November 11, 2022, Plaintiff Virgil Clayborn Shelton, Jr. ("Shelton"), a prisoner in the Varner Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging Defendants Classification Officer Washington,

Director Dexter Payne, Deputy Director Dale Reed, and Warden Gibson violated his constitutional rights. *Doc. 2*.

On January 24, 2023, the Court entered an Order reflecting its initial screening[1] of Shelton's claims. *Doc. 6*. The January 24 Order noted several deficiencies in Shelton's Complaint and allowed him 30 days to correct those deficiencies in an Amended Complaint. *Doc. 6 at 3–4*. Of primary concern, the Court found that Shelton's Complaint was so "vague and conclusory," it was impossible to tell how any Defendant was allegedly involved in the violation of his constitutional rights. The Court noted that, in order to proceed with this § 1983 action, he would need to file an Amended Complaint stating "how *each* of the named Defendants *personally participated* in violating his constitutional rights," and how he was allegedly harm by their actions.

Shelton has now filed an Amended Complaint. *Doc. 9*. Accordingly, the Court will proceed with screening.

## II. Discussion

In his Amended Complaint, Shelton alleges that he was placed in solitary confinement on August 17, 2022 and "Defendants made it clear…that [he] would remain [there]" for thirteen months. *Doc. 9 at 4*. He claims that he has suffered a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

loss in classification and "rights and privileges," and alleges that "Defendants" have violated ADC policy and his Eighth and Fourteenth Amendment rights.

Shelton's Complaint fails to state a claim upon which relief may be granted for several reasons. First, despite being given the opportunity to file an Amended Complaint, Shelton has still failed to assert how any Defendant was *personally involved* in placing him in solitary confinement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Second, Shelton cannot maintain an Eighth Amendment conditions-of-confinement claim because he has not alleged *any* facts indicating that his placement in solitary confinement deprived him of the "minimal civilized measures of life's necessities" or subjected him to a substantial risk of harm to his health or safety. *See Davis v. Oregon County, Missouri*, 607 F.3d 543, 548–49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

For the same reason, Shelton has not alleged the liberty interest necessary to maintain a Fourteenth Amendment due process claim. *See Ballinger v. Cedar Cnty.*, Mo., 810 F.3d 557, 562 (8th Cir. 2016) (finding one year in administrative segregation, without allegations of an "atypical, significant deprivation," failed to

state a deprivation of liberty claim under the Fourteenth Amendment). His allegations of a demotion in classification and a failure to follow ADC policy also fail to chin the bar. *Sanders v. Norris*, 153 F. App'x 403, 404 (8th Cir. 2005) (no liberty interest in particular classification); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (no liberty interest in having prison officials follow prison regulations)).

Taking all facts as true and viewing them in a light most favorable to Shelton, he fails to allege *any* facts demonstrating that Defendants violated his constitutional rights.

### III.   Conclusion

Because Shelton's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim against Defendants, it should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Shelton's Complaint and Amended Complaint (*Doc. 2; Doc. 9*) be DISMISSED, without prejudice.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE